NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOYCE E. WILLIAMS, | No. 17-16129 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02629-GMS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 2, 2020**

Before:     LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Joyce Williams appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act (Act).  We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo,

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Contrary to Williams's arguments, the Administrative Law Judge (ALJ) did not err in finding that the opinions of two non-examining medical advisors were not consistent with the opinions of Williams's treating psychiatrist, Dr. Michael Fermo. *See Buck v. Berryhill*, 869 F.3d 1040, 1050–51 (9th Cir. 2017). The ALJ provided specific and legitimate reasons for assigning little weight to Dr. Fermo's opinions as both lacking support in the medical record and inconsistent with Williams's reported activities. *See Trevizo*, 871 F.3d 664, 675 (9th Cir. 2017) (ALJ must assess the supportability of a medical opinion and its consistency with the record); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ may discount a medical opinion based in part on the claimant's inconsistent activities).

The ALJ did not err in considering the discrepancies between Dr. Fermo's medical opinion that Williams's concentration was "severely limited" and Dr. Fermo's medical examinations, which noted memory or concentration deficits only sporadically throughout Williams's extensive medical record. Although Dr. Fermo noted Williams's mood fluctuations, Dr. Fermo's medical examinations on the whole reflected Williams's intact memory and judgment, normal orientation, and clinical stability. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009).

17-16129

The ALJ proffered specific, clear, and convincing reasons for discounting Williams's symptom testimony as inconsistent with the objective medical evidence, inconsistent with the ALJ's observations, and inconsistent with Williams's self-reported activities, including performing daily household and family chores, driving, taking classes, shopping, paying bills, handling personal bank accounts, and socializing with extended family. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

We do not consider Williams's contentions that the ALJ erred by denying her request to subpoena the medical advisors, and in evaluating the lay witness evidence because Williams did not raise these arguments before the district court. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).

We agree with the district judge that any error in the ALJ's analysis is harmless in light of the totality of the evidence.

**AFFIRMED**.